```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:05CR335 |
| v. ) | |
| ) | MEMORANDUM, ORDER |
| TAUVAA A. WILLIAMS, ) | AND |
| ) | RECOMMENDATION |
| Defendant. ) | |
| ) | |

Defendant has filed a motion to suppress evidence seized in a warrant search of a package he was to have received by Express Mail via the United States Postal Service on August 12, 2005. Because the motion challenges the existence of probable cause, I review the facts as presented to the magistrate judge who issued the warrant.

The package was intercepted for investigation by U.S. Postal Inspector Paul Beekhuizen at the Air Mail Facility in Omaha, Nebraska, as part of his investigation of a series of Express Mail packages to and from the defendant (with a number of different spellings), at one of two Omaha addresses, from addresses in the San Francisco, California area. The return addresses were subsequently found not to exist or no one by the name on the return address received mail at the addresses, which Beekhuizen knew to be consistent with drug trafficking by mail. There were nine such deliveries to the defendant between February 6, 2004 and May 11, 2004. The labels on all the packages were handwritten and two were addressed to an individual at a business address, both of which are also unusual for Express Mail packages. In addition, the identified sender on the return addresses was never the same individual; several different names,

or spellings of the same name, were on the return address labels, another fact Beekhuizen's training and experience linked with drug trafficking.

Further review of Express Mail labels revealed that there were also several packages mailed from "T. Williams" at his home address to a "Marcus Edwards" at 1121 Laguna St., San Francisco, CA 94115. The name and address were legitimate, and the zip code matched the return addresses on the packages sent from San Francisco to the defendant. Further, a total of $5,000 in money orders was purchased by T. Williams as part of the transactions for the posting of the packages sent from defendant to Edwards: Two $1,000 money orders purchased with the July 25, 2005 package; one $1,000 money order and one $900 money order purchases with the August 5, 2005 package; and one $1,000 money order and one $100 money order purchased with the mailing of the package posted on August 11, 2005. In addition, nearly contemporaneously with the mailing of these packages to Marcus Edwards in California, a person later identified by videotape of the transactions at the Postal Office to be Edwards mailed Express Mail packages to the defendant in Omaha on July 28, 2005, August 5, 2005, and August 11, 2005. Beekhuizen knew from training and experience that such a pattern is consistent with drug trafficking by mail.

Other facts presented to the magistrate judge were that two of the abovementioned packages addressed to defendant had been presented to drug dogs. The July 28, 2005 package was subjected to a canine sniff, and the dog, "Apollo," did not indicate the presence of any drug he was trained to recognize, which were marijuana, methamphetamine, cocaine, heroin, and derivatives of heroin. Likewise, one of the 2004 packages was subjected to a canine sniff, and that dog, "General," also did not indicate the

presence of any drug he was trained to recognize, marijuana, methamphetamine, cocaine, heroin, Oxycodone Hydrochloride (Oxycontin) and MDMA ("ecstasy). The affidavit does not mention whether the package that is the subject of the warrant was ever presented to a canine to sniff.

The Inspector also obtained known identification pictures of the defendant and Marcus Edwards from California state identification cards, and concluded that the descriptions of the defendant and Edwards were consistent with the Postal Service videotapes of the individuals sending the suspect packages. Beekhuizen also checked the criminal histories of defendant and Edwards and found that both had prior drug convictions, and the defendant's shows five prior drug arrests, at least one of them resulting in a felony drug conviction.

Defendant does not challenge the veracity of any fact included in the affidavit, nor claim that a probable-cause-destroying fact was omitted from it. Thus, a hearing under Franks v. Delaware, 438 U.S. 154 (1978) is not necessary. Rather, defendant claims the information in the affidavit is insufficient to constitute probable cause.

Magistrate Judge Thalken reviewed the postal inspector's affidavit and agreed it presented probable cause to issue a warrant for the search of the package. I agree.

In reviewing an affidavit presented in support of an application for a search warrant, the issuing judge is not expected to conduct a detailed inquiry to establish certainty that contraband may be found at the place to be searched. Illinois v. Gates, 462 U.S. 213 (1983). Rather, the judge must

engage in a common-sense inquiry and determine if the information presented shows a "fair probability" that criminal contraband may be found.  Id. at 238-39.  Further, the judge is to give deference to the experience and training of the affiant, recognizing that seemingly innocent actions or behavior may, to a trained officer, United States v. Poiter, 818 F.2d 679, 683 (8th Cir. 1987) (Officers are "trained to cull significance from behavior that would appear innocent to the untrained observer"), hold important significance, especially as pertains to drug trafficking, United States v. Mendenhall, 446 U.S. 544, 561-562 (1980) ("[T]he obstacles to detection of illegal conduct may be unmatched in any other area of law enforcement"), and a reviewing court must respect the conclusion of the issuing judge unless there is no "substantial basis" justifying the conclusion that probable cause existed.  United States v. Day, 949 F.2d 973 (8th Cir. 1991), citing Illinois v. Gates.

In this case it is clear that the affidavit presents a "fair probability" that contraband may be found in the suspect package. The seemingly innocent behavior of sending Express Mail packages to California, coupled with packages arriving from California under the circumstances set out in the affidavit are legitimate indicators of drug activity.  Judge Thalken's conclusion was appropriate.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, that the motion to suppress, filing 14, be denied.

FURTHER, IT HEREBY IS ORDERED:

1.  Counsel are given ten days from this date in which to file objections to this recommendation.  The parties are notified that failure to object may be held to be a waiver of the right to appeal the district judge's adoption of the recommendation.

    2.   Trial of this matter is set to commence at 9:00 a.m., November 28, 2005, before the Honorable Richard G. Kopf in the Special Proceedings Courtroom, Roman L. Hruska United States Courthouse, **Omaha**, Nebraska.  Jury selection will be held at commencement of trial.

    DATED this 28th day of September, 2005.

                                BY THE COURT:

                                s/ *David L. Piester*
                                David L. Piester
                                United States Magistrate Judge